IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHENANGO INCORPORATED, | ) |
| | ) |
| Plaintiff, | )  2:06-cv-149 |
| v. | ) |
| | ) |
| THE AMERICAN COAL SALES COMPANY, | ) |
| ROBERT EUGENE MURRAY and MURRAY | ) |
| ENERGY CORPORATION, | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM ORDER

Now pending is DEFENDANT ROBERT EUGENE MURRAY'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE (Document No. 31).[1] The motion, a supporting brief and Plaintiff's response (Document No. 33) were filed while this case was assigned to Judge Hardiman. The case was transferred to the undersigned on April 18, 2007. Subsequently, a reply brief, a Notice of Supplemental Authority, and several additional briefs (Document Nos. 35, 40, 47, 48, 49) have been filed. In addition, the Court entertained oral argument on July 20, 2007. Needless to say, the motion is ripe for resolution.

---

[1] Also pending is a Motion for Protective Order (Document No. 37) regarding Weir, International, which performed work as a business adviser and also served as a consulting expert. Defendants filed the Motion for Protective Order on the same day that they produced documents on behalf of Weir. Counsel for the parties have subsequently been meeting to narrow the issues, if any, still in dispute. In addition, Defendants were to obtain Weir's consent to have this Court decide the motion, rather than the Illinois court that issued the subpoena. For these reasons, the Motion for Protective Order (Document No. 37) is **DENIED**, without prejudice. If the parties are unable to resolve their differences, either side may file an appropriate motion to bring the remaining issues to the Court's attention.

Procedural History

The procedural history of this case ("*Shenango*") is considerably more complicated and pertinent than that of a typical motion to dismiss. The gravamen of the issue in dispute is whether plaintiff can pierce the corporate veil to state a claim against Robert Eugene Murray. There is a companion case, *Orion Power Midwest L.P. v. American Coal Sales Co., et al*, Civil Action No. 05-555 ("*Orion*"). *Shenango* and *Orion* arise from coal-supply contracts that contain substantially different terms. However, the pleadings in the two cases are very similar and the cases have been consolidated for discovery. The cases were initially assigned to Judge Hardiman, who heard the parties' similar arguments regarding the effort to amend the complaint to pierce the corporate veil in the *Orion* case. Although Judge Hardiman did not issue a written opinion, he rejected defendants' argument that leave to amend the complaint should be denied as futile, and subsequently denied defendants' motions to dismiss the veil-piercing claim.

The timing of Shenango's effort to amend its complaint in this case is interesting and relevant. On December 4, 2006, the day before the deadline for amending the pleadings or adding new parties established in the Case Management Order, plaintiffs Orion and Shenango filed a Joint Motion to Amend Revised Case Management Order (Document No. 69 in *Orion*). The motion noted that "piercing-related deposition discovery" had been deferred pending ruling on the motion to dismiss and that "Orion had deferred serving focused piercing-related written discovery on all Defendants."[2] In seeking an extension of time, plaintiffs stated:

> [I]t is clear to Orion and Shenango that focused piercing-related written and deposition discovery of Mr. Murray and the Corporate Defendants ***is necessary***

---

[2]Defendants note that some 50,000-60,000 pages of documents were produced by Defendants in the Orion case.

>   *before* Orion and Shenango can determine whether or not additional causes of
>   action are warranted against the Defendants and/or whether any other Murray-
>   related companies should be parties to this action.

Joint Motion ¶ 6 (emphasis added).  Judge Hardiman promptly denied the Joint Motion.  The very next day, December 5, 2006, plaintiffs filed the amended complaint which is the subject of the instant motion to dismiss, stating:

>   Based on the discovery in this action to date, Shenango **has sufficient
>   information to support a cause of action** that the corporate form of American
>   should be pierced and that Mr. Murray, the dominant officer and/or director who
>   controlled the assets and business decisions of American and certain of its
>   affiliates, should personally be liable for causing American to breach its
>   contractual obligations to Shenango, all for his personal benefit.

Motion for Leave to File Amended Complaint ¶ 4 (emphasis added).  The stark contradiction between the statements on December 4 and December 5 certainly raises concerns about counsels' duty of candor to the tribunal.  More substantively, Shenango's attorney represented to the Court that discovery was "necessary" before he could determine whether any other causes of action were warranted.[3]

As a further procedural complication, while the motion to dismiss was pending the United States Supreme Court issued its decision in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007).  The parties disagree as to how sweeping a change *Twombly* represents in the pleading standard.  At a minimum, as all nine justices agreed, the oft-quoted standard that a complaint may not be dismissed "unless it appears beyond doubt that the plaintiff can prove no

---

[3]Defendants have not explicitly argued that the doctrine of judicial estoppel prevents plaintiffs from disavowing their representation of December 4, 2006, although the Court may raise the doctrine *sua sponte*.  *Krystal Cadillac Oldsmobile GMC Truck, Inc. v. General Motors Corp.*, 337 F.3d 314 (3d Cir. 2003) (noting that parties must be given a "fair opportunity" to argue that position).  In this case, the effect of plaintiffs' statements on December 4 and 5 has been thoroughly briefed by both sides and addressed during oral argument.

set of facts in support of his claim which would entitle him to relief" has been retired and "is best forgotten." *Id.* at 1968. The Court explained that a complaint must allege enough "facts" to show that a claim is "plausible" and not merely conceivable. Indeed, the *Twombly* Court made a distinction between facts that were merely "consistent" with wrongful conduct and facts that would be "suggestive" enough to render the alleged conduct plausible. In particular, the Court upheld dismissal of a complaint alleging an antitrust conspiracy, despite "stray averments" that defendants had entered into an unlawful agreement, explaining that the plaintiff had alleged "merely legal conclusions." *Id.* at 1970. The Supreme Court also emphasized the need for district courts to prevent unjustified litigation expenses resulting from claims that are "just shy of a plausible entitlement." *Id.* at 1967, 1975.

Legal Analysis

The question before the Court is whether Count III of Shenango's amended complaint states a "plausible" claim for relief against Robert Eugene Murray under a corporate veil-piercing theory. The Supreme Court's opinion in *Twombly* has injected an element of judgment into this inquiry.

Federal Rule of Civil Procedure 8(a) requires that a claim contain: (1) a short and plain statement of jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. This is commonly referred to as "notice pleading." Federal Rule of Civil Procedure 9 provides that certain matters, including fraud, be pleaded with particularity. Federal Rule of Civil Procedure 11(b) states that by presenting a pleading to the court, the attorney is certifying that to the best of that person's knowledge,

4

information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for discovery.

The amended complaint is hardly a model of detail. Paragraph 9 states that at all relevant times, Murray was the sole director and CEO of American and was the chairman, president and CEO of Murray Energy Corporation. The Factual Background is very sparse. Paragraphs 56-58 and 60 describe Murray's ownership and control over American. Paragraphs 59 and 61-63 merely state, "upon information and belief" various factors that have been identified in the case law as components of the legal test to determine whether the corporate veil may be pierced.[4] Shenango alleges that Murray treated the assets of American as his own, failed to observe corporate formalities, and that American was a corporate shell that was operationally and financially dependent upon other entities controlled by Murray. There is no recitation of any facts regarding the time, place or manner of actual conduct that would support these conclusions. For example, although plaintiffs allege that American was undercapitalized, it does not identify any facts about its finances, its relationship with its sister companies, or any other specifics. Paragraphs 81-92, which comprise Count III, are similar. They repeat the allegations made in the Factual Background and contend that Murray's domination and control over the business decisions and assets of American caused Shenango's damages. The most detailed averment is paragraph 85, which states that Murray used his control over Murray Energy Corporation to close

---

[4] *Kaites v. Commonwealth of Pennsylvania,* 529 A.2d 1148, 1151 (Pa. Commw. 1987), stated: "Factors which may justify disregarding the corporate form include undercapitalization, failure to adhere to corporate formalities, substantial intermingling of corporate and personal affairs and use of the corporate form to perpetrate a fraud."

the mine from which American had been supplying coal to Shenango so that he could re-deploy that mining equipment to a more profitable use. However, there is no recitation of actual facts regarding the time, place or manner of the actions allegedly taken by Murray in an extra-corporate capacity or how the relationship between American and Murray Energy Corporation justifies veil-piercing.

Nor does the complaint contain a recitation of the facts that provide a reasonable basis for plaintiffs' "information and belief." The mere fact that the allegations are made "upon information and belief" does not necessarily render the complaint invalid. As explained in *Langadinos v. American Airlines, Inc.,* 199 F.3d 68, 73 (1st Cir. 2000): "a plaintiff can make allegations either on the basis of personal knowledge or on "information and belief." [Plaintiff's] attorney is entitled to include such "information and belief" allegations in the complaint as long as he had a good faith basis for doing so, based on the reasonable inquiry that Fed.R.Civ.P. 11(b) requires."

However, for matters that fall under the "particularity" requirement of Rule 9, pleading upon "information and belief" may not suffice, although this standard is relaxed when the requisite information is peculiarly within defendant's knowledge or control. *In re Rockefeller Center Properties, Inc., Securities Litigation*, 311 F.3d 198, 216 (3d Cir. 3d Cir. 2002). Nevertheless, plaintiffs are required to allege sufficient facts to make their claim viable and must aver the facts upon which the "information and belief" is based. "[C]ourts are not required to credit bald assertions or legal conclusions improperly alleged in the complaint. Similarly, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness." *Id.* (citations omitted).

The parties disagree as to whether Rule 8 or Rule 9 applies to the veil-piercing claim in this case. Veil-piercing is an extraordinary equitable remedy which generally is employed as an antidote for fraud. In applying the test, courts "must start from the general rule that the corporate entity should be recognized and upheld, unless specific, unusual circumstances call for an exception. Care should be taken on all occasions to avoid making 'the entire theory of the corporate entity * * * useless." *Zubik v. Zubik*, 384 F.2d 267, 273 (3d Cir. 1967) (citations omitted). However, Plaintiff points out that under Pennsylvania law, a party may invoke the veil-piercing doctrine to avoid "injustice," even in the absence of fraud. *Id.* at 272; *Motorola, Inc. v. Airdesk, Inc.*, 2005 WL 894807 *2 (E.D. Pa. 2005) (collecting cases).[5] Plaintiff's complaint does not specifically state that it is relying on the "injustice" rationale in the absence of fraud, nor does it plead facts that would constitute an injustice.[6] Nevertheless, this Court will apply the more lenient Rule 8 standard.

Pennsylvania law requires that a veil-piercing claim be "supported by specific factual averments, rather than mere legal conclusions." *Motorola* at *1 (citing *Lumax Indus. v. Aultman*, 669 A.2d 893, 895 (Pa. 1995)). In *Lumax*, the Pennsylvania Supreme Court noted the "strong presumption in Pennsylvania against piercing the corporate veil." *Id.* The complaint at issue in *Lumax* alleged that the defendant was acting on behalf of herself and unjustly seeking corporate protection, and further alleged that defendant was the only person actively involved in the corporation's day-to-day operations. The Supreme Court upheld the dismissal of the complaint.

---

[5]*Motorola* is now of dubious precedential value because it evaluated a motion to dismiss under the ubiquitous "any set of facts" standard that was retired by *Twombly*.

[6]Paragraph 89 conclusorily avers that "justice and public policy demand piercing the corporate veils of American."

It explained that a corporation "is to be regarded as an independent entity" even if owned by one person.  It further reasoned:

> Paragraph 13, averring that [defendant] acted on behalf of herself, unjustly seeking corporate protection, as stated, is a conclusion of law.  In order to withstand a demurrer, the pleader must state what [defendant] allegedly did that would bring her actions within the parameters of a cause of action based on a theory of piercing the corporate veil. . . .  The holding in this case well illustrates the sanctity of the corporate structure in Pennsylvania.

*Id.* at 895-96 (citations omitted).  Thus, based on public policy, the Pennsylvania Supreme Court refused to permit a veil-piercing claim to proceed where the complaint stated only conclusory allegations.  Rather, the pleader must state facts showing a reason to pierce the corporate veil.

This Court recognizes that Pennsylvania applies a more-detailed "fact pleading" standard.  Nevertheless, the Court agrees with *Lumax* that averments reciting elements of the veil-piercing test, without any supporting facts, constitute legal conclusions.  Even under a notice pleading standard, as interpreted in *Twombly*, such averments cannot support a veil-piercing claim.  Similarly, Shenango has not pleaded facts sufficient to support its claim that Murray acted in a personal capacity rather than in his role as an executive of American and/or Murray Energy Corporation, such that the corporate veil should be pierced.  Simply alleging Murray's ownership and control over the corporations is "irrelevant and immaterial," *see Lumax*, because a Pennsylvania corporation is strongly presumed to be independent even if owned by one person.  In sum, Count III of the amended complaint does not set forth sufficient facts to justify a veil-piercing claim as "plausible," as required by *Twombly*.

Accordingly, DEFENDANT ROBERT EUGENE MURRAY'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6) OF THE

FEDERAL RULES OF CIVIL PROCEDURE (Document No. 31) is **GRANTED**. However, Shenango shall be permitted to amend its complaint, if it can do so consistent with the Rules of Civil Procedure. If a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). A district court must provide the plaintiff with this opportunity even if the plaintiff does not seek leave to amend. *Id.* Even if a plaintiff does not seek leave to amend the complaint after the defendant moves for dismissal, unless the district court finds that amendment would be inequitable or futile, the Court must inform the plaintiff that it has leave to amend the complaint within a set period of time. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103 (3d Cir. 2002). The district court may dismiss the action if the plaintiff does not file an amended complaint within that time, or if the plaintiff files a notice of her intent to stand on the complaint as filed. An amended complaint, or notice of intent to stand on the complaint as filed, shall be filed by Shenango on or before August 20, 2007. The MOTION FOR PROTECTIVE ORDER (Document No. 37) is **DENIED** without prejudice.

        SO ORDERED this 9th day of August, 2007.

        BY THE COURT:

        s/ Terrence F. McVerry
        United States District Court Judge

cc: Thomas E. Birsic, Esquire
  Email: klgateseservice@klgates.com
  Carl D. Hill, Esquire
  Email: carl.hill@klgates.com
  Evan A. Bloch
  Email:  klgateseservice@klgates.com

THE AMERICAN COAL SALES COMPANY
MURRAY ENERGY CORPORATION
  Leonard J. Marsico, Esquire
  Email: lmarsico@mcguirewoods.com
  Erin N. Fischer, Esquire
  Email: efischer@mcguirewoods.com

ROBERT EUGENE MURRAY
  Barry Wm. Levine, Esquire
  Email: levineb@dicksteinshapiro.com
  Christopher T. Leonardo, Esquire
  Email: LEONARDOC@DICKSTEINSHAPIRO.COM